

**User Name:** MATTHEW PROBUS
**Date and Time:** Friday, June 29, 2018 5:53:00 PM CDT
**Job Number:** 69288339

## Document (1)

1. *McCann v. Spencer Plantation Invs., Ltd., 2017 Tex. App. LEXIS 1683*
   **Client/Matter:** Greenberg
   **Search Terms:** IRS /p quitclaim /s deed
   **Search Type:** Terms and Connectors
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | Cases | Court: Texas |

LexisNexis® | About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2018 LexisNexis
MATTHEW PROBUS                                                        EXHIBIT 1


Neutral
As of: June 29, 2018 10:53 PM Z

## *McCann v. Spencer Plantation Invs., Ltd.*

Court of Appeals of Texas, First District, Houston

February 28, 2017, Opinion Issued

NO. 01-16-00098-CV

**Reporter**
2017 Tex. App. LEXIS 1683 *; 2017 WL 769895

MICHAEL A. MCCANN, Appellant v. SPENCER PLANTATION INVESTMENTS, LTD., Appellee

**Subsequent History:** Petition for review denied by, Motion denied by *McCann v. Spencer Plantation Invs., Ltd., 2017 Tex. LEXIS 999 (Tex., Oct. 20, 2017)*

**Prior History: [*1]** On Appeal from the 23rd District Court, Brazoria County, Texas. Trial Court Case No. 79855-CV.

*McCann v. Spencer Plantation Invs. Ltd., 2015 U.S. Dist. LEXIS 114981 (S.D. Tex., July 23, 2015)*

## Core Terms

summary judgment, issues, summary-judgment, trial court, seizing, Notice, tax liability, quiet title suit, pet, selling property, seizure, lack of jurisdiction, quitclaim deed, federal tax, asserts, public auction, amend, genuine issue of material fact, procedural requirements, district court, matter of law, overrule, argues, real property, adjudicated, Jeopardy

## Case Summary

### Overview

HOLDINGS: [1]-The state trial court re-acquired jurisdiction over the landowner's suit to quiet title against the buyer when that portion of the case was remanded to it by the federal district court; [2]-The buyer was properly granted summary judgment against the landowner in his suit to quiet title to the property because the landowner did not provide any evidence that the buyer's claim to the property was invalid; [3]-No evidence of a state or federal conviction or the commission of a tort or breach of contract was necessary to support a seizure and sale of property for collection of taxes; [4]-*U.S. Const. amends. V*, *VIII* and *Tex. Const. art. I, § 14* did not apply in a civil proceeding.

### Outcome
Judgment affirmed.

## LexisNexis® Headnotes

Civil Procedure > Judgments > Summary Judgment > Burdens of Proof

Civil Procedure > Appeals > Summary Judgment Review > Standards of Review

Civil Procedure > Appeals > Standards of Review > De Novo Review

***HN1*[ ]** Summary Judgment, Burdens of Proof

The appellate court reviews a trial court's summary judgment de novo. In conducting its review, the appellate court takes as true all evidence favorable to the non-movant, and it indulges every reasonable inference and resolves any doubts in the non-movant's favor. If a trial court grants summary judgment without specifying the grounds for granting the motion, the appellate court must uphold the trial court's judgment if any of the asserted grounds are meritorious.

Civil Procedure > ... > Summary Judgment > Evidentiary Considerations > Absence of Essential Element

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Genuine

Disputes

Civil Procedure > Judgments > Summary Judgment > Burdens of Proof

### *HN2*[ ] Evidentiary Considerations, Absence of Essential Element

A movant for a matter-of-law summary judgment has the burden of establishing that it is entitled to judgment as a matter of law and there is no genuine issue of material fact, *Tex. R. Civ. P. 166a(c)*. When a defendant moves for a matter-of-law summary judgment, it must either: (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. Once the movant meets its burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence.

Real Property Law > Title Quality > Adverse Claim Actions > Quiet Title Actions

### *HN3*[ ] Adverse Claim Actions, Quiet Title Actions

A suit to quiet title relies on the invalidity of the defendant's claim to the property. It exists to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right. A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property. The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title. The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief. The plaintiff must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove.

Tax Law > ... > Tax Credits & Liabilities > Levy & Distraint > Sale of Seized Property

### *HN4*[ ] Levy & Distraint, Sale of Seized Property

The appellate court strictly construes the procedures governing a sale of seized property by the IRS, *26 U.S.C.S. § 6335*. *Section 6335* requires, as soon as practicable after seizure of property, that written notices of seizure and sale be given to the owner of the property at his usual place of abode, *§ 6335(a)*, *(b)*.

Civil Procedure > ... > Summary Judgment > Hearings > Hearing Requests

### *HN5*[ ] Hearings, Hearing Requests

A trial court may rule on a summary-judgment motion on the basis of the written motion, response, and supporting summary-judgment evidence, without first holding a hearing on the motion.

Tax Law > ... > Tax Credits & Liabilities > Levy & Distraint > Sale of Seized Property

### *HN6*[ ] Levy & Distraint, Sale of Seized Property

The United States Code provides for the seizure of property to satisfy delinquent tax debts, *26 U.S.C.S. § 6331*.

**Judges:** Panel consists of Justices Jennings, Keyes, and Brown.

**Opinion by:** Terry Jennings

## Opinion

**MEMORANDUM OPINION**

Appellant, Michael A. McCann, challenges the trial court's rendition of summary judgment in favor of appellee, Spencer Plantation Investments, Ltd. ("Spencer"), in McCann's suit to quiet title to real property located in Brazoria County, Texas. In fourteen issues, McCann contends that the trial court erred in granting Spencer summary judgment in a "clear absence of jurisdiction" and without a hearing; enforcing a ***quitclaim deed*** that is based upon alleged federal tax claims that the Internal Revenue Service ("***IRS***") and the United States Tax Court ("Tax Court") later dismissed in his favor; overruling the Tax Court's final decision on tax issues; hearing and ruling on federal claims previously adjudicated in federal court; finding him "guilty of federal

tax issues," which the **IRS** and Tax Court dismissed; depriving him of his real property without his having been convicted of violating any laws or having committed a tort, breach of contract, or "any other act punishable by law"; denying him constitutional Due **[*2]** Process and Equal Protection[1]; not "follow[ing] the Oath of Office to uphold the United States Constitution"; and violating the *Double Jeopardy Clause*[2] and *Eighth Amendment*[3] *of the United States Constitution*.

We affirm.

**Background**

In his original petition, McCann sued to quiet title against both Spencer and the **IRS**, alleging that Spencer had purchased McCann's real property in Brazoria County (the "property") for $189,000 at an **IRS** tax sale and had received a ***quitclaim deed*** from the **IRS**. McCann argued that Spencer's ***quitclaim deed*** was "obtained illegally from the **IRS**" and the **IRS** "had no right to seize and sell [the] property" because it lacked jurisdiction, he did not receive the requisite notice before or after the sale, and his tax liabilities were in dispute. He alleged that Spencer and the **IRS** had engaged in a conspiracy to deprive him of the property. And he sought damages in excess of $10 million.

After the **IRS** removed the case to the United States District Court for the Southern District of Texas, the court dismissed the IRS from the case and remanded McCann's claims against Spencer to the state court below.

Spencer then moved for summary judgment, arguing that it was entitled to judgment as a matter of law on McCann's suit to quiet title because the evidence **[*3]** established that Spencer's claim of title to the property was valid and superior to that of McCann. Specifically, the evidence showed that the **IRS** complied with all of the procedural requirements in seizing and selling the property and McCann, at the time the **IRS** seized and sold the property, had tax liabilities in excess of $2.6 million.

Spencer attached to its summary-judgment motion a copy of the **IRS *quitclaim deed***, which is recorded in the real property records of Brazoria County. Spencer also attached a copy of the affidavit[4] of Amelia Lerma, an **IRS** Revenue Officer Technical Advisor. Lerma testified that she was responsible for processing the seizure, levy, and sale paperwork for the property, which the **IRS** sold to partially satisfy McCann's federal tax liabilities, which exceeded $2.6 million. On October 23, 2012, **IRS** Revenue Officer James Ashton personally delivered to McCann a notice of seizure of the property. Although the initial public auction of the property was scheduled for February 5, 2013, it had to be re-scheduled three times because of McCann's "serial bankruptcy filings." On February 14, 2014, **IRS** Property Appraisal and Liquidation Specialist Sheila Kuykendall personally **[*4]** delivered to McCann a Notice of Public Auction Sale, which was scheduled for 10:00 a.m. on March 10, 2014 at the Brazoria County Courthouse in Angleton, Texas. On March 10, 2014, the **IRS** sold the property at public auction to Spencer. And, on October 21, 2014, the **IRS** issued Spencer a ***quitclaim deed*** to the property. Lerma then mailed to McCann a copy of the Seized Property Sale Report, Record of Seizure and Sale, and Notice of Encumbrances. Lerma further testified that the **IRS** complied with all of the procedural requirements in seizing and selling the property. Appended to Lerma's affidavit are copies of her letter, report, and the notices to McCann.

Spencer also attached to its summary-judgment motion the July 23, 2015 removal order of the United States District Court. In its order, the court stated that McCann had been engaged in litigation with the IRS over the collection of his taxes for approximately fifteen years. On November 24, 2010, the Tax Court entered a decision upholding the IRS's authority to proceed with the collection of McCann's income tax liability for the tax years 1997, 1998, and 1999. In 2012, the IRS began the process of seizing McCann's property to partially satisfy **[*5]** his tax liabilities. And Ashton and Kuykendall, on October 23, 2012 and February 14, 2014, respectively, personally delivered to McCann a notice of seizure of the property and a Notice of Public Auction Sale. On March 10, 2014, the IRS sold the property to Spencer at public auction. Subsequently, McCann brought the instant suit against Spencer and the IRS to quiet title to the property, alleging that neither Spencer nor the IRS had given him notice of the sale of

---

[1] *See* **U.S. CONST. amend. XIV**; Tex. Const. art. I, § 10.

[2] *See* **U.S. CONST. amend. V**; Tex. Const. art. I, § 14.

[3] *See* U.S. CONST. amend. VIII.

[4] McCann did not object to any of Spencer's summary-judgment evidence.

the property and that the IRS was without jurisdiction to collect his taxes or to seize the property. The court held that McCann's claim against the IRS was barred by sovereign immunity and his claim that the IRS lacked jurisdiction or authority to seize the property was without merit. Thus, it dismissed McCann's claims against the IRS and remanded his claims against Spencer. The court noted that McCann had "misrepresent[ed] the decision of the United States Tax Court, which [had] held that the Tax Court lacked jurisdiction to hear his claims, not that the *IRS* lacked jurisdiction in this matter."

In his response to Spencer's summary-judgment motion, McCann asserted that Spencer had not met its burden of proof and was not entitled to summary **[*6]** judgment as a matter of law. He argued that there was a genuine issue of material fact regarding the validity of the *IRS*'s *quitclaim deed* to Spencer because the *IRS*, subsequent to its issuance of the *deed*, admitted that it had failed to give McCann sufficient notice of his tax liabilities and had abandoned its tax liability claims against him. Further, the Tax Court, on July 31, 2014, issued an order exonerating him of all of his tax liabilities. McCann asserted that this order superseded any prior ruling. He conceded, however, that Spencer is correct in that the *IRS* correctly followed its procedural requirements in seizing and selling the property.

McCann attached to his response copies of the July 31, 2014 and March 24, 2015 orders of the Tax Court. In each of its orders, the court granted the motion of the Commissioner of the IRS to dismiss McCann's lawsuit against it for lack of jurisdiction. And the court noted that McCann did not object to the granting of the motion.

Upon submission without a hearing, the trial court granted summary judgment in favor of Spencer.

## Standard of Review

*HN1*[ ] We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005)*; *Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003)*. In conducting our review, we take as true all **[*7]** evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating, 164 S.W.3d at 661*; *Provident Life & Accident Ins., 128 S.W.3d at 215*. If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the asserted grounds are meritorious. *Beverick v. Koch Power, Inc., 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied)*.

*HN2*[ ] A movant for a matter-of-law summary judgment has the burden of establishing that it is entitled to judgment as a matter of law and there is no genuine issue of material fact. *Tex. R. Civ. P. 166a(c)*; *Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995)*. When a defendant moves for a matter-of-law summary judgment, it must either: (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of its affirmative defense, thereby defeating the plaintiff's cause of action. *Cathey, 900 S.W.2d at 341*; *Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995)*; *Lujan v. Navistar Fin. Corp., 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.)*. Once the movant meets its burden, the burden shifts to the non-movant to raise a genuine issue of material fact precluding summary judgment. See *Siegler, 899 S.W.2d at 197*; *Transcon. Ins. Co. v. Briggs Equip. Trust, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.)*. The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment **[*8]** evidence. *Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007)*.

## Jurisdiction

In his first, fourth, fifth, sixth, and eighth issues, McCann argues that the trial court lacked jurisdiction to grant Spencer summary judgment because its summary-judgment motion was based upon the same claims previously adjudicated by the Tax Court. He asserts that the trial court had no authority to hear federal claims, rule on federal claims already adjudicated in federal court, consider federal tax issues where the IRS is not a party to the lawsuit, and overrule a United States Tax Court's final decision on tax issues.

McCann does not direct us to any portion of the record in which the trial court exercised jurisdiction over, heard, or ruled on any federal tax issues or overruled a decision of the Tax Court. After removal, the state trial court re-acquired jurisdiction over McCann's suit to quiet title against Spencer when that portion of the case was remanded to it by the federal district court. See *Quaestor Investments, Inc. v. State of Chiapas, 997 S.W.2d 226, 228-29 (Tex. 1999)* ("Remanding a case to

state court terminates the jurisdiction of a federal district court over that case" and "jurisdiction revests in the state court."). Accordingly, we hold that the trial court had jurisdiction to grant Spencer summary judgment on McCann's [*9] suit to quiet title.

We overrule McCann's first, fourth, fifth, sixth, and eighth issues.

**Summary Judgment**

In his third and seventh issues, McCann argues that the trial court erred in granting Spencer summary judgment on his suit to quiet title because Spencer did not conclusively establish its right to judgment as a matter of law. See *Tex. R. Civ. P. 166a(c)*. McCann asserts that there are fact issues regarding the validity of Spencer's title, which is based on alleged federal tax claims or liabilities that the IRS and Tax Court had dismissed in his favor.

HN3[⬆] A suit to quiet title relies on the invalidity of the defendant's claim to the property. *Essex Crane Rental Corp. v. Carter, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)*. It exists "to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Id. at 388*; *Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)*. "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Hahn, 321 S.W.3d at 531*. The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title. *Carter, 371 S.W.3d at 387-88*. "[T]he plaintiff has the burden of supplying the proof necessary to establish his superior [*10] equity and right to relief." *Hahn, 321 S.W.3d at 531*. The plaintiff must prove, as a matter of law, that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove. *Carter, 371 S.W.3d at 387-88*; *Hahn, 321 S.W.3d at 531*.

HN4[⬆] We strictly construe the procedures governing a sale of seized property by the IRS. See *26 U.S.C. § 6335 (2012)* (establishing procedures for manner of sale of seized property); *Johnston v. Bennett, 176 S.W.3d 41, 44 (Tex. App.—Houston [1st Dist.] 2004, no pet.)*; see also *Reece v. Scoggins, 506 F.2d 967, 970-71 (5th Cir. 1975)*. *Section 6335* requires, "[a]s soon as practicable after seizure of property," that written notices of seizure and sale be given to the owner of the property "at his usual place of abode." *26 U.S.C. § 6335(a)*, *(b)*.

Spencer argues that it is entitled to judgment as a matter of law on McCann's suit to quiet title because its claim of title to the property is valid and superior to that of McCann. See *Carter, 371 S.W.3d at 388*. Spencer asserts that the **IRS** complied with all of the procedural requirements in seizing and selling the property, and McCann, at the time the property was seized and sold, had tax liabilities in excess of $2.6 million.

Spencer's summary-judgment evidence includes a copy of the **IRS**'s **quitclaim deed**, as recorded in the real property records of Brazoria County, conveying the property to Spencer. Further, Lerma, in her affidavit, testified that the **IRS** complied with all of [*11] the procedural requirements in seizing and selling the property. **IRS** representatives Ashton and Kuykendall, on October 23, 2012 and February 5, 2013, respectively, personally delivered to McCann Notice of Seizure, Notice of Levy, and Notice of Public Auction Sale of the property. On March 10, 2014, the **IRS** sold the property at public auction to Spencer for $189,000 to partially satisfy McCann's federal tax liabilities, which exceeded $2.6 million. And, on October 21, 2014, the **IRS** issued a **quitclaim deed** for the property to Spencer. Subsequently, Lerma mailed McCann copies of the Seized Property Sale Report, Record of Seizure and Sale, and Notice of Encumbrances Against or Interests in Property Offered for Sale. Appended to Lerma's affidavit are copies of her letter, report, and the notices to McCann.

Moreover, McCann, in his summary-judgment response, conceded that Spencer is correct that the **IRS**'s procedural requirements in seizing and selling the property were correctly followed.

We conclude that Spencer met its burden to disprove an essential element of McCann's suit to quiet title by establishing that its claim to the property is valid. See *Carter, 371 S.W.3d 366, 387-88* (suit to quiet title "relies on the invalidity [*12] of the defendant's claim to the property"); see also *Cathey, 900 S.W.2d at 341*; *Siegler, 899 S.W.2d at 197* (movant must "negate at least one essential element of the plaintiff's theory of recovery"). Thus, the burden shifted to McCann to present evidence raising a genuine issue of material fact precluding summary judgment. See *Siegler, 899 S.W.2d at 197*.

McCann, in his response to Spencer's summary-judgment motion, argued that there is a genuine issue of material fact regarding the validity of Spencer's

quitclaim deed because the IRS abandoned its tax liability claims against him. He asserted that the Tax Court, on July 31, 2014, issued an order exonerating him of all of his tax liabilities.

McCann presented, as his summary-judgment evidence, the July 31, 2014 and March 24, 2015 Tax Court orders, in which the Court granted the motion of the Commissioner of the IRS to dismiss McCann's lawsuit against the IRS for lack of jurisdiction. In each order, the court noted that McCann did not object to the granting of the motion. Nothing in the summary-judgment evidence reflects, as McCann asserts, that the IRS abandoned its tax liability claims against him or the Tax Court issued an order exonerating him of all of his tax liabilities.[5] Further, Spencer's summary-judgment [*13] evidence shows that the federal district court, in its order, stated that McCann "misrepresents the decision of the [Tax Court], which held that the Tax Court lacked jurisdiction to hear his claims, not that the IRS lacked jurisdiction in this matter." (Emphasis added.) McCann did not present any evidence that Spencer's claim to the property is invalid. See Carter, 371 S.W.3d at 388.

We conclude that McCann did not meet his burden to bring forth evidence raising a genuine issue of material fact precluding summary judgment in his suit to quiet title. See Siegler, 899 S.W.2d at 197; Mayes, 236 S.W.3d at 755 (evidence raises genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all summary-judgment evidence); see, e.g., DRWSEA, Inc. v. Trinity Meadows Props., Inc, 132 S.W.3d 467, 471 (Tex. App.—Eastland 2003, pet. denied) (affirming summary judgment in suit to quiet title after IRS tax sale).

Accordingly, we hold that the trial court did not err in granting Spencer summary judgment against McCann in his suit to quiet title to the property.

We overrule McCann's third and seventh issues.

---

[5] In support of his arguments, McCann directs us to numerous exhibits and other documents attached to his appellate brief. The attachment of documents as exhibits or appendices to an appellate brief does not constitute formal inclusion of such documents in the record for appeal, and we cannot consider matters outside of the record in our review. Robb v. Horizon Cmtys. Improvement Ass'n, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.); Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc., 178 S.W.3d 198, 210-11 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

**Constitutional Claims**

In his second, ninth, tenth, eleventh, and fourteenth issues, McCann argues that the trial court erred in denying him constitutional Due Process and Equal Protection because he was not afforded a hearing or an [*14] opportunity to be heard. See U.S. CONST. amend. XIV; Tex. Const. art. 1, § 10. He asserts that the trial court erred in depriving him of his property without his having been convicted of violating any federal or state law or having committed a tort, breach of contract, or "any other act punishable by law" and in finding him "guilty of federal tax issues," which the IRS and the Tax Court had dismissed. He further asserts that the trial court judge erred in not "follow[ing] his Oath of Office to uphold the United States Constitution," as follows:

> The Constitution's Supremacy Clause Article VI, Clause 2 of the Constitution shall be the supreme law of the land and the judges in every state shall be bound thereby . . . meaning, the State District Court is not authorized to grant summary judgment to [Spencer] based upon tax issues previously adjudicated in federal court. Any judge[] who does not comply with his oath to the Constitution of the United States wars against the Constitution and engages in acts in violation of the supreme law of the land. The judge is engaged in acts of treason.

HN5[↑] A trial court may rule on a summary-judgment motion on the basis of the written motion, response, and supporting summary-judgment evidence, without first holding a hearing on the motion. Martin v. Martin, Martin & Richards, Inc., 989 S.W.2d 357, 359 (Tex. 1998) (trial court may decide [*15] summary-judgment motion on written submission and without oral hearing); Okonkwo v. Wash. Mut. Bank, FA, No. 14-05-00925-CV, 2007 Tex. App. LEXIS 1979, 2007 WL 763821, at *3 (Tex. App.—Houston [14th Dist.] Mar. 15, 2007, no pet.) (mem. op.) (trial court did not err in granting summary judgment without holding hearing). McCann's filing of a summary-judgment response, constituted an opportunity to be heard. See Bowles v. Cook, 894 S.W.2d 65, 67 (Tex. App.—Houston [14th Dist.] 1995, no writ) (filing of summary-judgment response constitutes participation); see also Butcher, Carter & Preston Co. v. Republic-Lagun CNC Corp., No. 01-00-00321-CV, 2001 Tex. App. LEXIS 6028, 2001 WL 995370, at *6 (Tex. App.—Houston [1st Dist.] Aug. 30, 2001, no pet.) (no violation of due process rights where non-movant filed summary-judgment response).

Further, HN6[⬆] the United States Code provides for the seizure of property to satisfy delinquent tax debts. *See* 26 U.S.C. § 6331 (2012) (providing for seizure and sale of property for collection of taxes). No evidence of a state or federal conviction or the commission of a tort or breach of contract, as McCann asserts, is necessary to support such seizure. *See id.* And McCann does not direct us to any portion of the record in which the trial court found him "guilty of federal tax issues," which the IRS and a Federal Tax Court dismissed, or granted summary judgment on "tax issues."

We overrule McCann's second, ninth, tenth, eleventh, and fourteenth issues.

**Double Jeopardy and Cruel and Unusual Punishment**

In his twelfth and thirteenth issues, McCann argues that the trial court violated the *Double Jeopardy Clause of the United States Constitution* because **[*16]** it placed him in jeopardy twice on the same issues previously adjudicated by a federal court. *See U.S. CONST. amend. V*; Tex. Const. art. I, § 14. He further argues that the trial court violated his *Eighth Amendment* rights because it inflicted cruel and unusual punishment without his having been convicted of any state or federal crime. *See U.S. CONST. amend. VIII.*

McCann asserts violations of constitutional rights afforded to defendants in criminal cases. *See U.S. CONST. amends. V, VIII*; Tex. Const. art. I, § 14; Ingraham v. Wright, 430 U.S. 651, 667-68, 97 S. Ct. 1401, 1410, 51 L. Ed. 2d 711 (1977) ("In the few cases where the Court has had occasion to confront claims that impositions outside the criminal process constituted cruel and unusual punishment, it has had no difficulty finding the *Eighth Amendment* inapplicable."); Ex parte Watkins, 73 S.W.3d 264, 267 (Tex. Crim. App. 2002) ("Double jeopardy applies only to criminal cases."). He does not assert that any exception applies. *See, e.g.,* Austin v. United States, 509 U.S. 602, 622, 113 S. Ct. 2801, 2812, 125 L. Ed. 2d 488 (1993) (applying *Excessive Fines Clause of Eighth Amendment* in federal in rem civil forfeiture proceeding).

We hold that McCann has not demonstrated on appeal that these doctrines apply in this civil proceeding. *See* Favaloro v. Comm'n for Lawyer Discipline, 994 S.W.2d 815, 822 (Tex. App.—Dallas 1999, pet. stricken) (declining to apply double-jeopardy doctrine in civil case).

We overrule McCann's twelfth and thirteenth issues.

**Conclusion**

We affirm the judgment of the trial court.

Terry Jennings

Justice

---

**End of Document**